IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DOMENICK J. KURTZ,                    )
                                      )
                Plaintiff,            )
                                      )
        v.                            )  Civil Action No. 05-319J
                                      )
JO ANNE B. BARNHART,                  )
COMMISSIONER OF                       )
SOCIAL SECURITY,                      )
                                      )
                Defendant.            )

<u>MEMORANDUM JUDGMENT ORDER</u>

AND NOW, this _25th_ day of September, 2006, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's applications for disability insurance benefits and supplemental security income under Titles II and XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 10) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 9) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. <u>Plummer v. Apfel</u>, 186 F.3d 422, 429 (3d Cir. 1999). Importantly, where the ALJ's findings of fact are

supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently.  Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001).  These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed his pending applications for disability insurance benefits on December 4, 2002, alleging a disability onset date of May 7, 2001, due to coronary artery disease and right knee problems.  Plaintiff's applications were denied initially.  At plaintiff's request, an ALJ held a hearing on September 2, 2003, at which plaintiff appeared represented by counsel.  On October 9, 2003, the ALJ issued a decision finding plaintiff not disabled.  On June 3, 2005, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 40 years old at the time of the ALJ's decision and is classified as a younger person under the regulations.  20 C.F.R. §§404.1563(c) and 416.963(c).  Plaintiff has a high school education and has past relevant work experience as a retail department manager, landscaper and assembly laborer, but has not engaged in any substantial gainful activity since his alleged onset date.  The ALJ found that plaintiff met the disability insured status requirements of the Act on his alleged onset date and that he continued to meet them through June 30, 2004.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of an anterior cruciate ligament tear of the right knee, obesity, hyperlipidemia, coronary artery disease, non-insulin dependent diabetes mellitus, obstructive sleep apnea, asthma, and a major depressive disorder, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that, although plaintiff is unable to perform his past relevant work, he nevertheless retains the residual functional capacity to perform a significant range of light work but with certain restrictions recognizing the limiting effects of his impairments. (R. 30, ¶5). Taking into account these limiting effects, a vocational expert identified numerous categories of jobs which plaintiff can perform based upon his age, education, work experience and residual functional capacity.

Relying on the vocational expert's testimony, the ALJ found that plaintiff is capable of making an adjustment to numerous jobs existing in significant numbers in the national economy, including cashier and information clerk at the light exertional level and order clerk and hand assembler at the sedentary exertional level. Accordingly, the ALJ determined that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months.   42 U.S.C. §§423(d)(1)(A) and 1382c(a)(3)(A).   The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A) and 1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process[1] for determining whether a claimant is under a disability.   20 C.F.R. §§404.1520 and 416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003).   If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).   Additionally, 20 C.F.R. §§404.1520a and 416.920a, which deal specifically with the evaluation of mental impairments, must be followed by the Commissioner whenever there is evidence of a mental impairment

---

[1] The ALJ must determine in sequence:   (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past-relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity.   20 C.F.R. §§404.1520 and 416.920.   See Newell, 347 F.3d at 545-46.

AO 72
(Rev. 8/82)

that allegedly prevents a claimant from working.  <u>Plummer</u>, 186 F.2d at 432.

Here, plaintiff raises only a single challenge to the ALJ's finding of not disabled.  Specifically, plaintiff contends that because of his participation in Dr. Dean Ornish's Program for Reversing Heart Disease, he is not capable of holding down a full-time job.  Plaintiff's argument is wholly without merit.

On June 9, 2003, plaintiff signed a consent form to participate in the Ornish Program, a cardiac rehabilitation program involving, *inter alia*, aerobic and strength training.  The consent form signed by plaintiff explicitly states "PARTICIPATION IN THIS PROGRAM IS VOLUNTARY" and further instructs that the participant has the "right to decline to participate or withdraw at any point <u>without jeopardy to my medical care or prejudice to my subsequent care.</u>"   (R. 503) (emphasis added).

Plaintiff argues on appeal that his participation in this program precludes him from full-time work.  He contends that he is required to report for the Ornish Program two days a week for five-hour sessions, otherwise goes to the gym three hours a day, is required "to do a lot of paperwork", and is required to have blood work done monthly.

However, Dr. Ornish himself has indicated that "two-thirds of the people who go through our program have full-time jobs.  It is a misconception that only someone who is disabled could do this." <u>See</u> Cardiac Association of Cardiac Rehabilitation, An Interview with  Dr.  Dean  Ornish  (Winter  1999),

✎AO 72
(Rev. 8/82)

http://www.cacr.ca/news/1999/ornish2.htm.   The Ornish program generally requires a commitment of four hours a day, three times a week, for just the first three months of the program.   Id. Plaintiff, however, arranged to attend five hours a day, twice a week for the first twelve weeks.  (R. 517).  Beyond that, the time commitment is only a half-hour a day for exercise and an hour a day for meditation and yoga.  Id.  Moreover, the program is not perpetual, it is for a period of one year.   Id.

Here, plaintiff signed the consent form to begin the program on June 9, 2003.   By the time the ALJ's decision was rendered on October 9, 2003, plaintiff's twelve weeks of two days a week, five hours a day, participation should have been completed, and he then would only have been required from that point forward to commit 1 ½ hours a day to the program.   Moreover, it must be emphasized again that participation in the Ornish Program is completely voluntary and plaintiff acknowledged in the consent form that his decision not to participate would not have jeopardized his medical care in any way.[2]

Plaintiff does not contend on appeal that the ALJ erred in finding that his severe impairments do not meet or equal any listed impairment nor does he quarrel with the ALJ's finding that

---

[2]  Plaintiff's reliance on Kangas v. Bowen, 823 F.2d 775 (3d Cir. 1987), in which the court held that a claimant who required frequent hospitalizations for lung infections could not retain a full-time job, is wholly misplaced.  In that case, the claimant's condition required unpredictable hospitalizations and subsequent one to two week recovery periods at home on a frequent basis. Plaintiff's situation involving a voluntary program with flexible scheduling of exercise times is completely different.

plaintiff retains the residual functional capacity for less than the full range of light work with restrictions.  He simply argues that he does not have time to work because of the requirements of the voluntary Ornish Program.  Plaintiff's argument is frivolous.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act.  The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.


Gustave Diamond
United States District Judge


cc:   James R. Schmitt, Esq.
      Schmitt & Coletta, P.C.
      850 Washington Ave.
      Carnegie, PA 15106

      John J. Valkovci, Jr.
      Assistant U.S. Attorney
      224 Penn Traffic Building
      319 Washington Street
      Johnstown, PA 15901